

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
SEP 3 0 2008
J.T. NOBLIN, CLERK
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) CIVIL ACTION NO. 1:08cv1265HSO-JMR ) |
| v. PRESTON HOOD CHEVROLET, LLC, d/b/a Preston Hood Chevrolet, | ) **C O M P L A I N T** ) **JURY TRIAL DEMANDED** ) ) |
| Defendant. | ) ) |

## NATURE OF THE ACTION

This is an action brought under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race, and to provide appropriate relief to Rickey Hayes who was adversely affected by the unlawful practices.

Specifically, the Defendant discriminated against Rickey Hayes by subjecting him to racial harassment. The harassment and Defendant's refusal to remedy it became so intolerable that Rickey Hayes was compelled to resign.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful herein were committed within the jurisdiction of the United States District Court for the Southern District of Mississippi, Southern Division.

## PARTIES

3. Plaintiff Equal Employment Opportunity Commission (the "Commission") is the agency of the Unites States of America charged with the administrative, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by § 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant Preston Hood Chevrolet LLC, d/b/a Preston Hood Chevrolet (the "Employer"), has continuously been doing business in the State of Mississippi and the City of Biloxi, and had at least fifteen (15) employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Rickey Hayes filed a charge of discrimination with the Commission alleging violations of Title VII by the Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. From about January 2007 continuing until May 2007, the Defendant Employer engaged in unlawful employment practices at its Biloxi, Mississippi location in violation of 42 U.S.C. § 2000e-2(a)(1) by subjecting Hayes to racial harassment through the conduct of its managerial and non-managerial employees.

8. The offensive conduct included, but was not limited to: the use of racial slurs and racially derogatory language by managers and employees.

9. Rickey Hayes complained to his appropriate management officials that the conduct of was unwanted, racially offensive and objectionable.

10. The Defendant knew or should have known of the racially harassing behavior and atmosphere to which Rickey Hayes was being subjected.

11. Despite knowing of the racially harassing behavior and atmosphere, the Defendant did nothing to prevent it, correct it, or provide remedial relief to Rickey Hayes.

12. The racial harassment to which Rickey Hayes was subjected was so severe and pervasive that it altered his conditions of employment and created an abusive working environment.

13. The harassing conditions and Defendant's failure to address them caused the work environment to become so intolerable that Rickey Hayes was compelled to resign his position.

14. The effect of the practices complained of above has been to deprive Rickey Hayes of equal employment opportunities and otherwise adversely affect his status as an employee because of his race, Black.

15. The unlawful employment practices complained of above were intentional.

16. The unlawful employment practices complained of above were done with malice or reckless indifference to Hayes' federally protected rights.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant employer, its owners, officers, successors, assigns and all persons in active concert or participation with it, from

engaging in any employment practices which discriminate against black employees by subjecting them to a racially hostile environment.

    B.    Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for all employees, and which eradicate the effects of its past and present unlawful employment practices.

    C.    Order Defendant to make whole Rickey Hayes by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and/or front pay.

    D.    Order Defendant Employer to make whole Rickey Hayes by providing compensation for past and future pecuniary losses, resulting from the unlawful employment practices complained of in paragraphs six (6) through sixteen (16) above, including compensation for job search expenses, and medical expenses in amounts to be determined at trial.

    E.    Order Defendant Employer to make whole Rickey Hayes, by providing compensation for non-pecuniary losses resulting from the unlawful employment practices complained of above, including emotional pain, suffering, loss of enjoyment of life, humiliation, in amounts to be determined at trial.

    F.    Order Defendant to pay Rickey Hayes punitive damages for its malicious and reckless conduct described in an amount to be determined at trial.

    G.    Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

RESPECTFULLY SUBMITTED,

RONALD COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
Equal Employment Opportunity Commission
1801 "L" Street Northwest
Washington, D.C.  20507

*C. Emanuel Smith*
C. EMANUEL SMITH
Regional Attorney

*Julie S. Lee*
JULIE S. LEE
Supervisory Trial Attorney

*Maricia Woodham*
MARICIA WOODHAM
Senior Trial Attorney
Alabama Bar (ASB-2160-E55M)

Equal Employment Opportunity Commission
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, AL  35205
(205) 212-2054

5