IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION     PLAINTIFF

v.     Civil Action No. 1:08cv1265HSO-JMR

PRESTON HOOD CHEVROLET, LLC
d/b/a Preston Hood Chevrolet     DEFENDANT

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS

BEFORE THE COURT is the Motion [6] of Defendant Preston Hood Chevrolet, LLC ("Preston Hood"), to Dismiss pursuant to Federal Rule of Civil Procedure 12(b) or 12(b)(6), filed on December 1, 2008. Plaintiff Equal Employment Opportunity Commission ("EEOC"), has filed an Opposition [8][1] and Supplemental Opposition [13], and Preston Hood a Reply [9]. After consideration of the submissions, the record in this case, and the relevant legal authorities, the Court finds that Preston Hood's Motion should be denied.

### I. DISCUSSION

The EEOC initiated its Complaint on September 30, 2008, pursuant to Title

---

[1] Preston Hood asserts that the EEOC did not file its Opposition timely. Pursuant to Rules 6(a) and (e) of the Federal Rules of Civil Procedure, and to Rules 7.2(D) and (I) of the Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi, the EEOC's Opposition was due on or before December 18, 2008. The EEOC's Opposition, filed December 18, 2008, was therefore timely.

VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991,on behalf of Rickey Hayes, following its finding that Hayes had been subjected to a racially hostile work environment and constructively discharged. Relying upon un-enumerated Rule 12(b) grounds or upon Rule 12(b)(6), Preston Hood seeks dismissal of the Complaint, contending that the EEOC failed to fulfill its statutory obligation to conduct conciliation in good faith prior to filing suit.

A.  Standard of Review

Preston Hood's Motion does not implicate any defenses found in Rule 12(b) other than that under Rule 12(b)(6), for failure to state a claim upon which relief can be granted.[2] Pursuant to Rule 12(b)(6), "[w]here matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." FED. R. CIV. P. 12(b). Because both parties have submitted, and the Court has considered, evidence outside the pleadings, Preston Hood's Motion is more properly treated as one for summary judgment.

Rule 56(c) of the Federal Rules of Civil Procedure states that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a moving party is

---

[2] The Fifth Circuit has concluded that "the EEOC's conciliation requirement is a precondition to suit but not a jurisdictional prerequisite." *EEOC v. Agro Distribution, LLC*, 555 F.3d 462, 469 (5th Cir. 2009). Nor does Preston Hood's Motion involve issues of venue, service of process, or joinder of parties.

entitled to judgment as a matter of law.  *See* FED. R. CIV. P. 56.  The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Meyers v. M/V Eugenio C.*, 842 F.2d 815, 816 (5th Cir. 1988).

The mere existence of a disputed factual issue does not foreclose summary judgment.  The dispute must be genuine, and the facts must be material.  *See Booth v. Wal-Mart Stores, Inc.*, 75 F. Supp. 2d 541, 543 (S.D. Miss. 1999).  With regard to "materiality," only those disputes of fact that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment.  *See id.* (*citing Phillips Oil Company v. OKC Corp.,* 812 F.2d 265, 272 (5th Cir. 1987)).  Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . . all other contested issues of fact are rendered immaterial."  *Id.* (*quoting Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1987)).

To rebut a properly supported motion for summary judgment, a plaintiff must present significant probative evidence, since there is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  *See Booth*, 75 F. Supp. 2d at 543.  If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  The non-movant may not rely on mere denials of material facts, nor on unsworn allegations in the pleadings

or arguments and assertions in briefs or legal memoranda. *See Booth,* 75 F. Supp. 2d at 543.

B. <u>Statutory Requirement of Conciliation</u>

Title VII requires the EEOC "to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion." 42 U.S.C. § 2000e-5(b). "In evaluating whether the EEOC has adequately fulfilled this statutory requirement, the fundamental question is the reasonableness and responsiveness of the EEOC's conduct under all the circumstances." *EEOC v. Klinger Elec. Corp.*, 636 F.2d 104,107 (5th Cir. 1981) (*citing Marshall v. Sun Oil Co. (Delaware)*, 605 F.2d 1331, 1335-36 (5th Cir. 1979)). "A good faith attempt at conciliation requires that the EEOC: (1) outline to the employer the reasonable cause for its belief that Title VII has been violated; (2) offer an opportunity for voluntary compliance; and (3) respond in a reasonable and flexible manner to the reasonable attitudes of the employer." *EEOC v. Agro Distribution, LLC*, 555 F.3d 462, 468 (5th Cir. 2009) (*citing Klinger*, 636 F.2d at 107).

It is undisputed here that the EEOC engaged in conciliation. The question before the Court is whether it did so in good faith. The record reflects that the EEOC sufficiently outlined the reasonable cause for its belief that Title VII had been violated in its August 29, 2008, determination letter, and then identified opportunities for compliance. Preston Hood rejected the EEOC's initial proposed conciliation agreement and requested that the EEOC reveal the identity of

witnesses and produce additional documents.  There followed a series of offers and counter-offers between the parties.  By letter dated September 25, 2008, the EEOC ultimately determined that conciliation efforts had failed.

"Where actual negotiations take place, in the absence of 'grossly arbitrary and unreasonable conduct or substantial prejudice to the defendant,'..., summary judgment is inappropriate.'" *EEOC v. Walker-Fischer General Agency, Inc.*, No. 3-86-2984-R, 1987 WL 17692, at *3 (N.D. Tex. May 26, 1987) (*quoting Klinger*, 636 F.2d at 107); *see also EEOC v. Pet, Inc.*, 612 F.2d 1001, 1002 (5th Cir. 1980) (dismissal is unwarranted where conciliation has at least been attempted in good faith).  Here, Preston Hood has neither alleged, nor sufficiently demonstrated, bad faith by the EEOC or substantial prejudice to Preston Hood.  *See id.*  Because in conciliation "[t]he [EEOC] need never prove...discrimination to the employer's satisfaction," *Marshall*, 605 F.2d at 1337, it does not matter under the circumstances present here that the EEOC did not reveal the identity of witnesses or produce additional documents.[3]  The Court finds that the EEOC provided sufficient information to notify Preston Hood of the charges against it for purposes of conciliation.  *See EEOC v. Coastal Transportation Services, Inc.*, No. V-07-36, 2008 WL 465487, at * 4 (S.D. Tex. Feb. 20, 2008) (holding that the failure of the EEOC to identify a class member

---

[3]Preston Hood argues that *Marshall*, which pertained to claims brought pursuant to the Age Discrimination in Employment Act (ADEA), is inapplicable to Title VII cases.  The Fifth Circuit in *EEOC v. Klinger Elec. Corp.*, 636 F.2d 104,107 (5th Cir. 1981), cited *Marshall* in its analysis of the EEOC's conciliation efforts in a Title VII claim.  The Court is therefore unpersuaded by Preston Hood's argument.

during conciliation did not render conciliation inadequate). For the foregoing reasons, the EEOC adequately satisfied its statutory obligation of conciliation.

## II. CONCLUSION

Based upon the evidence before the Court, Preston Hood's Motion must be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated more fully herein, the Motion [6] of Defendant Preston Hood Chevrolet, LLC, to Dismiss, filed on December 1, 2008, should be and is hereby **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 13th day of August, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE